UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Neo Ivy Capital Management LLC, et al., | Case No. 18-mc-0094 (SRN/DTS) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| Savvysherpa LLC, et al., | |
| Defendants. | |

Christopher C. Grecian, HKM, P.A., Suite 3200, 30 East 7th Street, St. Paul, Minnesota 55101-4919, for Plaintiff

Michelle S. Grant, Dorsey & Whitney LLP, Suite 1500, 50 South 6th Street, Minneapolis, Minnesota 55402-1498, for Defendant

## INTRODUCTION

This matter is before the Court on Plaintiffs' Petition and corresponding motion to compel compliance with third-party subpoenas issued in a AAA arbitration. Because this Court's resolution of the motion will also effectively determine the outcome of the underlying action (*i.e.*, the Petition), this ruling is issued in the form of a Report and Recommendation.

Plaintiff Neo Ivy Capital Management LLC (Neo Ivy) is a quantitative hedge fund that invests in a variety of industries, including the healthcare sector, through statistical trading strategies. Compl. ¶ 8, Docket No. 1. Non-party Yinglong Guo (Guo) is a former employee of Neo Ivy who worked as a research analyst there from March 7, 2016 to July 23, 2017. *Id.* ¶¶ 9, 12. After Guo left Neo Ivy and took a job with Savvysherpa, he sued Neo Ivy for payment of a bonus and other compensation. Grecian Aff. Ex. A, Docket

No. 18. Neo Ivy counterclaimed alleging breach of Guo's non-compete agreement. *Id.* Ex. B.

Savvysherpa was acquired by United Healthcare Services, a subsidiary of United Health Group (UHG) in December 2017. West Decl. ¶ 8, Docket No. 22. In August 2018, Neo Ivy issued two identical third-party document subpoenas—one directed to Savvysherpa and one directed to UHG. Compl. Exs. A & B, Docket No. 1-1. UHG and Savvysherpa timely objected to the subpoenas, prompting Neo Ivy to commence this action to enforce them. *Id.* ¶20, Docket No. 1. For the reasons described more fully below, the Court grants in part and denies in part the motion to compel compliance with the subpoenas.

## FINDINGS OF FACT

### I. The Underlying Arbitration

In the underlying arbitration Guo alleges that Neo Ivy and Yao have breached Guo's employment agreement by failing to pay a bonus and other compensation when he left their employ. Grecian Aff. Ex. A, Docket No. 18-1. Neo Ivy and Yao have counterclaimed, alleging that Guo misappropriated Neo Ivy's trade secret source code and violated his non-compete agreement by accepting employment with Savvysherpa. *Id.* Ex. B. At the request of Neo Ivy and Yao, the arbitrator issued identical subpoenas to Savvysherpa and UHG on August 22, 2018, with a return date of September 20, 2018. Compl. Exs. A & B, Docket No. 1-1.[1] Savvysherpa and UHG timely objected to the

---

[1] Originally, on May 14, 2018, the arbitrator, after a contested motion during which Guo presented argument opposing the issuance of subpoenas, issued subpoenas to Savvysherpa and UHG, which had a return date of June 8, 2018. Grecian Aff. Ex. C, Docket No. 18-1; Pl. Br. 5-6, Docket No. 17. Defendants timely served objections. There

2

subpoenas. *Id.* Ex. C. The parties did not meet and confer after the objection to the subpoenas. Rather, on November 21, 2018, Neo Ivy and Yao initiated this action to compel compliance with the subpoenas under Fed. R. Civ. P. 45. Docket No. 1.

## II.     The Subpoenaed Parties

Savvysherpa is a healthcare data science company whose business is to identify significant problems in the healthcare industry and attempt to solve them. West Decl. ¶ 4, Docket No. 22. It performs this business by conducting its own primary research, reviewing publicly available research, and accessing a database of claims information (presumably belonging to UHG or one of its many subsidiaries). *Id.* These efforts are ultimately designed to lead to improved delivery of healthcare. *Id.* Savvysherpa does not trade in outside publicly traded securities. *Id.*

UHG is a diversified healthcare company. Grant Decl. Ex. A, 2018 10-K, Docket No. 25-1. It is a large organization comprised of over 1000 subsidiaries that, in 2018, generated over $226 Billion in annual operating revenues. West Decl. ¶ 9, Docket No. 22; Grant Decl. Ex. A, Docket No. 25-1. UHG is comprised of two distinct but strategically aligned business platforms: provision of healthcare benefits under the United HealthCare umbrella and health services under the Optum umbrella. Grant Decl. Ex. A, docket No. 25-1. A UHG companywide search for documents is, to say the least, a time-consuming and expensive undertaking.

## III.    The Subpoenaed Documents

---

the matter sat until the subpoenas that are at issue in this matter were served and objected to.

3

The document subpoenas at issue broadly define each subpoenaed entity to include "any and all . . . present or past members, investors, managers, partners, joint venturers, attorneys, corporate parents, subsidiaries, divisions, accountants, agents, employees, advisors, representatives, professionals, consultants, assignees, affiliates, or other persons who may have acted, or purported to act, or are purporting to act, on behalf of [United Health Group or Savvysherpa]."

The parties here made no attempt of which the Court has been made aware to narrow the scope of the subpoenas. Accordingly, the subpoenaed documents are:

**Request No. 1:** All Documents and Communications relating to Savvysherpa's hiring of Guo, including but not limited to job descriptions, applications, interviews, and offers of employment.

**Request No. 2:** All Documents and Communications relating to the transfer of Guo's H1-B visa from New Ivy to Savvysherpa, including but not limited to any forms I-797.

**Request No. 3:** All Documents and Communications relating to UnitedHealth's hiring of Guo, including but not limited to job descriptions, applications, interviews, and offers of employment.

**Request No. 4:** All Documents and Communications relating to work or services performed by Guo for Savvysherpa or UnitedHealth, including but not limited to any work product Guo created for Savvysherpa or UnitedHealth.

**Request No. 5:** All Documents and Communications relating to any actual or planned investment activity by Savvysherpa (*sic*) or UnitedHealth between 2015 and the

4

present, including but not limited to any investments by UnitedHealth Group Ventures or Optum Ventures

**Request No. 6:** All Documents and Communications relating to research, development and application by Savvysherpa or UnitedHealth of machine learning or artificial intelligence to perform pattern recognition, including but not limited to pattern recognition to diagnose or predict the risk of contracting diseases

**Request No. 7:** Any computer code or software created or provided by Guo to Savvysherpa or UnitedHealth.

## CONCLUSIONS OF LAW

### I. This Court's Authority

The Federal Arbitration Act (FAA) permits arbitrators to issue subpoenas "in the same manner as subpoenas to appear and testify before the court." 9 U.S.C. § 7. This Court has jurisdiction to enforce a subpoena under the FAA, which includes the power to compel production of relevant documents from third parties for potential use in the arbitration hearing. 9 U.S.C. § 7; *In re Security Life Ins. Co. of Am.*, 228 F.3d 865, 870-871 (8th Cir. 2000). The issuance, compliance, and scope of the subpoena are governed by reference to the Federal Rules of Civil Procedure. When the subpoenas at issue in this action were served on them, UHG and Savvysherpa provided written objections but declined to produce any documents requested. In response, Neo Ivy and Yao commenced this action under the FAA to compel compliance with the subpoenas and have moved this Court to enforce compliance with the subpoena. Savvysherpa and UHG have opposed the motion, in effect asking this Court to either quash the subpoenas or modify their scope.

present, including but not limited to any investments by UnitedHealth Group Ventures or Optum Ventures

**Request No. 6:** All Documents and Communications relating to research, development and application by Savvysherpa or UnitedHealth of machine learning or artificial intelligence to perform pattern recognition, including but not limited to pattern recognition to diagnose or predict the risk of contracting diseases

**Request No. 7:** Any computer code or software created or provided by Guo to Savvysherpa or UnitedHealth.

## CONCLUSIONS OF LAW

### I. This Court's Authority

The Federal Arbitration Act (FAA) permits arbitrators to issue subpoenas "in the same manner as subpoenas to appear and testify before the court." 9 U.S.C. § 7. This Court has jurisdiction to enforce a subpoena under the FAA, which includes the power to compel production of relevant documents from third parties for potential use in the arbitration hearing. 9 U.S.C. § 7; *In re Security Life Ins. Co. of Am.*, 228 F.3d 865, 870-871 (8th Cir. 2000). The issuance, compliance, and scope of the subpoena are governed by reference to the Federal Rules of Civil Procedure. When the subpoenas at issue in this action were served on them, UHG and Savvysherpa provided written objections but declined to produce any documents requested. In response, Neo Ivy and Yao commenced this action under the FAA to compel compliance with the subpoenas and have moved this Court to enforce compliance with the subpoena. Savvysherpa and UHG have opposed the motion, in effect asking this Court to either quash the subpoenas or modify their scope.

Plaintiffs argue that Defendants have waived their right to seek modification of the subpoenas and therefore must produce the documents as subpoenaed. They premise this argument on the wording on Fed. R. Civ. P. 45(d)(3), which allows a party to seek modification or quashing of a subpoena "upon timely motion," and decisions from other jurisdictions holding that a motion to quash or modify a subpoena is untimely if not made prior to the return date of subpoena. *See Estate of Ungar v. Palestinian Authority*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002); *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 230 (D.D.C. 2015) *vacated on other grounds*, 2015 WL 13759884 (D.D.C. Nov. 13, 2015). Since the return date of the subpoenas was September 20, 2018, Plaintiffs argue, and because Defendants only served written objections but did not move to quash or modify the subpoenas, they have waived the ability to secure such relief now. Plaintiffs also argue that the Court must defer to the arbitrator's determination of materiality. The Defendants' supposed waiver of the right to such modification or quashing of the subpoenas combined with the Court's obligation to defer to the arbitrator leave the Defendants with no remedy. The Court disagrees that Defendants are without remedy here.

To begin, the arbitrator made a determination of materiality when he issued the third-party subpoenas *in the first instance*, after hearing arguments from the *parties* to the arbitration. This Court does not revisit that determination. *See In re Security Life Ins. Co. of America,* 228 F.3d 865, 871 (8th Cir. 2000) (district court does not make "independent assessment" of materiality). However, nothing in the FAA, the Federal Rules of Civil

6

Procedure, or Eighth Circuit precedent forecloses the Court's consideration of the subpoenas' burden and impact on non-parties to the arbitration in the circumstances here.

The arbitrator has not heard or addressed Savvysherpa's and UHG's objections (although, at the time he issued the subpoenas, he predicted they would raise them). Grecian Aff. Ex. C, Docket No. 18-1.[2] There is no evidence in the record that Neo Ivy and Yao asked the arbitrator to hold a hearing on or otherwise adjudicate Savvysherpa's and UHG's objections, or that these non-parties passed up an opportunity to have their objections considered by the arbitrator. This situation is, therefore, unlike *SchlumbergerSema, Inc. v. Xcel Energy, Inc.*, Case No. 02-cv-4304, 2004 WL 67647 (D. Minn. Jan. 9, 2004), in which the non-party unsuccessfully opposed the subpoena before the arbitration panel and then asked the district court to second-guess that determination. Rather, Savvysherpa and UHG state that, after they timely objected to the third-party subpoenas on September 20, 2018, they heard nothing for two months from Neo Ivy and Yao. Def. Br. 1, Docket No. 21. Then on November 21, 2018 Neo Ivy and Yao filed the present lawsuit to compel compliance, Defendants answered on December 17, 2018, and Plaintiffs filed this motion to compel on January 28, 2019 to which Defendants filed an opposition brief on February 15. Docket Nos. 1, 10, 16, 21. The Court here is not usurping the arbitrator's role in the present circumstances.

Neo Ivy and Yao also assert that the Court cannot consider Savvysherpa's and UHG's objections because they failed to file a timely motion to quash or modify the subpoenas. Specifically, Plaintiffs contend that the sole mechanism that would permit the

---

[2] It seems clear that the arbitrator envisioned that the resolution of these objections would come back to him on motion. But this did not occur.

7

Court to consider the third-party subpoenas' impact on Savvysherpa and UHG would have been a motion under Rule 45(d)(3) that Defendants would have had to have filed on or before the September 20, 2018 subpoena return date. Pl. Br. 23, Docket No. 17. The Court disagrees.

First, the language of Rule 45(d)(3)(A)[3] does not state any specific time limit for bringing a motion to quash or modify, it simply says "[o]n timely motion," and there is no Eighth Circuit precedent that prescribes a specific time limit for what is "timely" under the Rule. Second, the language of Rule 45(d)(3)(B) simply says "on motion" – not even *timely* motion. Third, although it is undisputed that Savvysherpa and UHG did not bring *any* motion to quash or modify and instead served specific objections by the return date of September 20, 2018, it is equally clear to the Court that requiring or permitting them to bring a motion to quash or modify in the present posture of this case would be a pointless exercise and would only cause delay. Savvysherpa and UHG stated their objections on September 20, 2018 in their subpoena responses, again in their Answer in this lawsuit, and again in their opposition to Plaintiffs' motion to compel. They have preserved their right to such modification or quashing of the subpoenas.

In addition, the language of Rule 45(d)(2)(B) ("Protecting a Person Subject to a Subpoena: Enforcement – Command to Produce Materials or Permit Inspection - Objections") contains no requirement that a subpoena recipient bring a motion to quash or modify in order to preserve its objections to a subpoena. Rather, this provision of the

---

[3] The emphasis of Rule 45(d)(3) ("Quashing or Modifying a Subpoena") is on what a *court* "must" or "may" do when presented with a motion to quash or modify a subpoena.

Rule imposes deadlines and requirements for making such objections, and states that the serving party may bring a motion to compel production.

Moreover, Rule 45(d)(1) ("Avoiding Undue Burden or Expense; Sanctions") expresses a serving party's obligation to avoid imposing undue burden or expense on a subpoena recipient: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Eighth Circuit has recognized that the "burden thrust upon non-parties" is of particular concern when evaluating third-party subpoenas. *See Misc. Docket Matter #1 v. Misc. Docket Matter #2*, 197 F.3d 922, 926-27 (8th Cir. 1999) (affirming order to quash third-party subpoena "because [the serving parties] did not fulfill their duty under Rule 45 to take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena") (internal quotation marks omitted).

## II.     Analysis of The Subpoenas

### A.     Request Nos. 1-3

Request No. 1 seeks documents regarding Savvysherpa's decision to hire and process of hiring of Guo; Request No. 2 seeks information relating to the transfer of Guo's H1-B visa from Neo Ivy to Savvysherpa; Request No. 3 seeks documents relating to UHG's hiring Guo. Defendants have agreed to produce all documents responsive to Request No. 1 and No. 2. Accordingly, to the extent they have not already done so, Defendants are ordered to produce all documents responsive to Request Nos. 1-2.

As to Request No. 3, UHG asserts there are no documents responsive to this request because UHG did not hire Guo, who was merely an employee of Savvysherpa when UHG acquired it. Notwithstanding UHG's assertion that it did not "hire" Guo, it is not

9

clear whether UHG, during the process of acquisition, had communication regarding Savvysherpa employees in general or Guo in particular. Accordingly, to the extent that internal documents at UHG or communications exchanged during the acquisition of Savvysherpa discussed Savvysherpa employees in general or Guo in particular, those documents must also be produced.

**ALL DOCUMENTS PRODUCED IN RESPONSE TO REQUEST NOS. 1-3 SHALL BE PRODUCED ON OR BEFORE MARCH 15, 2019.**

### B.     Request No. 4

Request No. 4 seeks "all documents and communications" relating to work or services performed by Guo for Savvysherpa or UHG. Defendants correctly point out that, as written, this request "essentially applies to every email that Guo has sent or received in the 18 months he has worked for Savvysherpa and every document in his possession." Def. Br. 13, Docket No. 21. As such, Defendants contend, the request lacks any connection to the actual claims and defenses asserted in the underlying arbitration and the search for relevant documents responsive to this request will require review of approximately 8 gigabytes of information, a process that UHG estimates will take approximately 485 hours of attorney time at an approximate cost of $110,000.

In response, Plaintiffs assert that the documents are necessary and relevant because they will illustrate whether Guo used any of Neo Ivy's proprietary source code in his work at Savvysherpa and UHG. But if that is the purpose of the request, it is hopelessly overbroad because it is not limited to source code;[4] The request, as written, is overbroad, not reasonably related to the claims and defenses, and will impose an undue burden on

---

[4] The question of the production of source code is considered more directly in connection with Request No. 7 below.

UHG to fully respond. *See Deluxe Fin. Servs., LLC, v. Shaw*, Case No. 16-cv-3065, 2017 WL 7369890 at *5 (D. Minn. Feb. 13, 2017). However, the Court will order Defendants to search for and produce all internal communications and documents in which Guo or Savvysherpa discuss, compare, or contrast the work Guo has performed for Savvysherpa with his prior work for Neo Ivy.

**DOCUMENTS PRODUCED IN RESPONSE TO REQUEST NO. 4 MUST BE PRODUCED NO LATER THAN MARCH 20, 2019.**

### C.    Request No. 5

Request No. 5 seeks all documents and communications relating to any actual or planned investment activity by Savvysherpa or UHG from 2015 to the present. Plaintiffs argue this information is relevant because it "will reveal what business enterprises the Defendants are engaged in and how the companies invest in the industry, which in turn will shed light on the contested issue of whether Savvysherpa and UHG are competitors of Neo Ivy's." Pl. Br. 11, Docket No. 17. In other words, Neo Ivy claims that this information will shed light on the question of whether Neo Ivy, a hedge fund that invests in publicly traded companies, including companies in the healthcare sector, competes with Savvysherpa and UHG.

To begin, there is no evidence before this Court that Neo Ivy competes with Savvysherpa or UHG. They are not in the same industry, do not have the same customers, nor offer their customers the same products or services. Moreover, Defendants do not buy and sell publicly traded securities for other investors, much less use computer models or algorithms to do so. While they invest in the healthcare industry, Defendants do so through their own funds and resources by building and growing companies and participating in joint ventures. *See* West Decl. ¶¶ 4, 17, Docket No. 22.

Thus, the request is at best tangentially related to the question of whether Defendants compete with Neo Ivy. However, giving Neo Ivy every benefit of the doubt, to the extent Defendants invest any funds in other healthcare companies for any purpose, it is conceivable they compete in some fashion with Neo Ivy.

Regardless, Request No. 5 is overly broad and unduly burdensome. First, it seeks documents back to 2015, two and a half years before Guo was hired by Savvysherpa and three years before Savvysherpa was acquired by UHG. Defendants' investment activity prior to Guo's employment with Savvysherpa has so little relevance to the issues in the case that any substantial burden associated with responding to the subpoenas would be undue. According to UHG, the subpoenas would require Defendants to interview people across the entire enterprise to determine the investment activity of more than 1000 subsidiaries; then to identify the specific document custodians or other sources or locations of potentially responsive documents; and finally, to gather, index, and ultimately review the documents identified. This burden of production is not justified by the attenuated relevance of the information sought. In addition, as Defendants point out, the documents regarding Defendants' actual and planned investment activities would reveal highly confidential and proprietary information. To obtain discovery of such information, Plaintiffs would need to establish that the injury to Defendants from disclosure is outweighed by Plaintiffs' need for the information. *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991). Plaintiffs have made no such showing.

Nor does the request's specific reference to UnitedHealth Group Ventures and Optum Ventures sufficiently narrow the subpoenas. UnitedHealth Group Ventures incubates start-ups; Optum Ventures, which operates independently from UHG and its

12

subsidiaries is a venture capital fund focused on investing in start-up and early stage companies. But Guo does not work for Optum Ventures. Guo is a data scientist for Savvysherpa. West. Decl. ¶ 5, Ex. A, Docket Nos. 22, 22-1. In his current position he uses healthcare data sets available to Savvysherpa to build algorithms to assist Savvysherpa in its business, which is ultimately to improve health and delivery of healthcare. As an example, his projects have involved exploring the relationship between physical activity and glucose levels in Type II diabetes patients. *Id.* Guo plays no role in Savvysherpa's investment decisions. *Id.* Moreover, there is no connection between Optum Ventures or UnitedHealth Group Ventures and Savvysherpa beyond their affiliation with UHG. They do not share or collaborate on investment strategies or work. *Id.* ¶ 18.

However, since this case relates to a non-compete agreement, this Court will require production of documents reflecting Savvysherpa's investment in (or consideration of investment in) specific companies—identified by Neo Ivy—during the period July 2017 to the present. These documents will indicate whether Savvysherpa invested in or considered investing in companies that were also targeted by Neo Ivy during the period Guo has worked for Savvysherpa. If Neo Ivy chooses not to provide a list of specific companies to counsel for Defendants, no production is required.

    **D.**    **Request No. 6**

Request No. 6 seeks "all documents and communication relating to research, development and application by Savvysherpa or United Health of machine learning or artificial intelligence to perform pattern recognition." This request seeks production of highly confidential and proprietary information that is important to UHG's business. *Id.*

¶¶ 20-21; Griffiths Decl. ¶ 5, Docket No. 24. Plaintiffs have not shown why such highly confidential information is needed in order to defend the underlying arbitration. While Plaintiffs assert that the information will shed light on the contested issue of whether Savvysherpa and UHG are competitors of Neo Ivy, that linkage is too remote to justify the burden of production.[5] Defendants do not invest or trade in outside publicly traded securities, much less do so through the use of algorithms. As currently drafted the request would require Defendants to search massive amounts of data. West Decl. ¶ 20, Docket No. 22. Weighing all of the factors relevant to this Court—the sensitivity of the requested information, its relationship to the defense of the underlying arbitration, and the time and expense associated with its production—this Court finds that Request No. 6 would impose an undue burden on Defendants and, therefore, is denied.

### E.   Request No. 7

Finally, Request No. 7 seeks "any computer code or software created or provided by Guo to Savvysherpa or United Health Care." Guo, in his 18 months of work, has created 18.6 gigabytes of data that includes source code and software. *Id.* ¶ 7. It would take considerable time to review those files merely to identify the source code that Guo has created, let alone attempt to determine whether or not it relates to Guo's work with Neo Ivy. *Id.* Source code and software is highly confidential and proprietary. Plaintiffs have shown no particularized need for all software and source code that Guo has worked on since being employed at Savvysherpa. Moreover, Plaintiffs have not provided source code or software, or portions of it, or information that would allow Defendants to narrow

---

[5] To the extent that this request seeks information about whether Defendants have utilized source code developed by Guo at Neo Ivy, that request is made directly in Request No. 7 and is addressed there.

14

their search for source code that might be related to Guo's work at Neo Ivy. As drafted, this request is overbroad and unduly burdensome and is, therefore, denied. If, however, Neo Ivy provides information that permits Defendants to make a targeted inquiry into UHG's source code to determine whether that source code was derived from Guo's work at Neo Ivy, the Court will enforce production of same.

## RECOMMENDATION

For the foregoing reasons and the reasons stated on the record, the Court RECOMMENDS:

1. Plaintiffs' motion to compel compliance with their subpoenas be granted in part and denied in part as follow:

    a. Request Nos. 1 through 3: Defendants shall produce all documents on or before March 15, 2019.

    b. Request No. 4: Defendants shall search for and produce all internal communications and documents in which Guo or Defendants discuss, compare, or contrast the work Guo has performed for Savvysherpa or UHG with his prior work for Neo Ivy.

    c. Request No. 5: Defendants shall produce all documents reflecting Savvysherpa's and Optum Ventures' investment in (or consideration of investment in) specific companies during the period July 2017 to December 2017 as identified by Plaintiffs. Plaintiffs shall supply a list of Neo Ivy's investment targets to Defendants within one week from the date of this order. Defendants must respond to that list within one week.

    d. Request No. 6: This request is denied for the reasons stated above.

   e.  Request No. 7:  This request is denied for the reasons stated above.

Dated:  March 8, 2019        <u>s/David T. Schultz</u>
                 DAVID T. SCHULTZ
                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).